UNITED STATES DISTRICT COURT                **NOT FOR PUBLICATION**
EASTERN DISTRICT OF NEW YORK
——————————————————————X

EARNEST VERDELL HARRISON,

               Plaintiff,

     -against-                        **MEMORANDUM AND ORDER**
                                           07-CV-1799 (ERK)

NEW YORK STATE HIGHER EDUCATION
SERVICES CORPORATION,

               Defendant.
——————————————————————X

KORMAN, U.S.D.J.:

     Plaintiff Earnest Harrison, brings this *pro se* action against defendant to "stop NYSHE

from attempting to retrieve a student loan of $2300 Dollars with accrued interest $10,000

Dollars." Compl. at 1. The Court grants plaintiff's application to proceed *in forma pauperis*

(IFP) pursuant to 28 U.S.C. § 1915, solely for the purpose of this Order.[1] For the reasons

discussed below, the complaint is dismissed.

**STANDARD OF REVIEW**

     Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." Since plaintiff is proceeding *pro se,* the complaint is held "to less stringent

standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980).

---

[1] The Court notes that plaintiff's financial declaration form does not state the amount of salary he earns. However, given the nature of plaintiff's claim and plaintiff's statements that he has $50 in a checking account, pays his "spouse $300.00 per month [in rent] when affordable" and "assist[s] my disabled wife through medicare funds extracted through my employment wages," the Court finds it appropriate to grant IFP solely for the purpose of this Order. See IFP Application at ¶¶ 6, 7.

**BACKGROUND**

Plaintiff files this complaint to discharge or dismiss a $2300 student loan debt with the New York State Higher Education Services Corporation, which has accrued $10,000 in interest. See Compl. at 1.  In 2005, plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York, and his debts were discharged by Order of Final Decree on April 29, 2005.  See In re Earnest Verdell Harrison, No. 1-05-10822 (Bankr. EDNY Apr. 29, 2005).  Plaintiff states that the defendant is "threatening to garnish my measly wages & offset my tax refunds every year.  They continue (NYSHE) to ignore the final decree from Bankruptcy proceedings.  I am not able to pay this debts because of insufficient wages and poor health on my part and my spouse's."  Compl. at 1-2.  Plaintiff seeks to have his student loan debts discharged and for his federal tax refunds to be returned.  Compl. at 2.

**DISCUSSION**

Student Loan Discharge

Generally, a debtor who seeks relief under the Bankruptcy Code cannot have student loan debts discharged.  Title 11 U.S.C. § 523(a)(8) establishes the statutory presumption against the discharge of student loans.  In pertinent part, it states that a discharge under § 1328(b) "does not discharge an individual debtor from any debt ... for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit ... unless excepting such debt from discharge ... will impose an undue hardship on the debtor." 11 U.S.C. § 523(a)(8).  "[T]he clear congressional intent exhibited in section 523(a)(8) [is] to make the discharge of student loans more difficult than that of other nonexcepted debt." Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395, 396 (2d Cir.1987).  In Tennessee Student Assistance Corp. v. Hood,

2

the Supreme Court ruled that this presumption is "self-executing" and that "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt." 541 U.S. 440, 450 (2004). The Court further ruled that "[b]ecause student loan debts are not automatically dischargeable ... [t]he current Bankruptcy Rules *require* the debtor to file an 'adversary proceeding' ... to discharge his student loan debt." Id. at 451 (emphasis added).

Contrary to plaintiff's assertions, plaintiff's student loan debt was not discharged in his 2005 bankruptcy proceeding and he did not follow the mandatory procedure to discharge his student loan debt. See In re Earnest Verdell Harrison, No. 1-05-10822, April 29, 2005 Order of Final Decree (Bankr. EDNY Apr. 29, 2005). The proper procedure to have a student loan discharged is to file an Adversary Proceeding in the United States Bankruptcy Court for the Eastern District of New York.[2]

Federal Tax Offset

To the extent plaintiff seeks to have his federal tax refunds returned, his claim also fails. First, plaintiff does not bring the instant complaint against the United States, he brings it against the New York State Higher Education Services Corporation. Moreover, even if plaintiff had named the United States as a defendant, it is well-established that claims against the United States and its agencies are barred unless sovereign immunity has been "unequivocally" waived by federal statute. United States v. Mitchell, 445 U.S. 535, 538 (1980); see 26 U.S.C. § 6402 (f).

---

[2] Plaintiff can contact the Bankruptcy Court's *Pro Se* Office at (347) 394-1738 for guidance in filing such an action.

**CONCLUSION**

Accordingly, plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*Edward R. Korman*

EDWARD R. KORMAN, U.S.D.J.

Dated:  May 31, 2007
         Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

EARNEST VERDELL HARRISON,

               Plaintiff,

    -against-                           **CIVIL JUDGMENT**
                                           07-CV-1799 (ERK)

NEW YORK STATE HIGHER EDUCATION
SERVICES CORPORATION,

               Defendant.
_____X

       Pursuant to the Order issued by the Court on ____May 31, 2007___, dismissing the complaint, it is

       **ORDERED, ADJUDGED AND DECREED**: That the complaint is hereby dismissed. 28 U.S.C. § 1915 (e)(2)(B).  For purpose of any appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal would not be taken in good faith.

<br>

                              *Edward R. Korman*
                         EDWARD R. KORMAN, U.S.D.J.

Dated: Brooklyn, New York
       May 31, 2007